# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NICHOLAS COLANGELO | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| UNITED STATES | : | NO. 18-4574 |

FILED
OCT 31 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**Savage, J.**                                                                             **October 30, 2018**

Plaintiff Nicholas Colangelo, proceeding pro se, filed this civil action against the United States, raising medical malpractice claims arising from treatment he received at the Philadelphia Veterans' Affairs ("VA") Hospital. He asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

## FACTS

According to the complaint, on February 25, 2015, Colangelo had an appointment with Dr. Hahn at the VA Hospital to have an ear tube removed.[1] Dr. Hahn "insisted on inserting a plug in the hole left open after removal of the tube."[2] While performing the procedure, Dr. Hahn "put the plug on a needle tip and inserted it into [Colangelo's] ear."[3] Dr. Hahn "inserted it (very fast) and in the course of doing so pierced an artery or nerve causing an explosive pop sound, which has remained in [his] brain causing [him] to live with a loud motor type sound in [his] head 24/7[.]"[4] Dr. Hahn tried to remove the plug, but "did not get all of it, leaving amorphous material of uncertain etiology (plug debris)."[5] The VA Hospital sent Colangelo to Jefferson Hospital "to be evaluated by the top doctor on

---

[1] Compl. at 6. The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

staff, Dr. Wilcox." After extensive testing, Dr. Wilcox told Colangelo that "this is a permanent injury, and nothing can be done to correct the roaring in [his] head."[6]

Colangelo alleges that during the last wo years, he has "lost basically [his] life, [his] happiness, friends, and some family members."[7] He alleges that "[u]nderstanding what people are saying and understanding sentences has become almost impossible and people don't want to be around [him] because [he is] always asking them to speak louder and repeat what the said."[8] He also alleges that he has been "a professional musician for over 60 years," but "can only play [his] horn for 10 to 15 minutes at a time, prohibiting [him] from playing professionally."[9]

## STANDARD OF REVIEW

Because it appears that he is not capable of paying the fees necessary to commence this action, we shall grant Colangelo leave to proceed *in forma pauperis*. Because Colangelo is proceeding *in forma pauperis*, we must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court

---
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

2

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

The FTCA is "a limited waiver of the sovereign immunity of the United States." *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006). In order to make a claim under the FTCA, the claimant "first must file [his] claim with the administrative agency allegedly responsible for [his] injuries." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009).

The relevant statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

"This requirement is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (citing *Rosario v. Am. Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976)). Moreover,

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

3

28 U.S.C. § 2401(b). The Third Circuit recently interpreted this statute to require that "a claimant file *both* a claim with the federal agency within two years of the tort *and* a suit within six months of the agency's denial." *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018).

At this time, it appears we do not have jurisdiction over Colangelo's FTCA suit. He does not allege that he presented his claim to the appropriate agency and that he received a final denial of his claim by the agency before filing this suit. Therefore, we shall dismiss the complaint because he has not met his burden of demonstrating that the Court has jurisdiction over his claim with leave to file an amended complaint. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Even if we had jurisdiction to consider Colangelo's claims, they appear to be time-barred. A tort claim against the United States must be brought within two years after the claim accrues. 28 U.S.C. § 2401(b). Here, Colangelo complains of treatment that occurred in 2015. He did not file this complaint until September 30, 2018, well after the two-year period.

## CONCLUSION

Because the complaint fails to allege facts that establish Colangelo exhausted his administrative remedies, we lack jurisdiction. Thus, we shall dismiss the complaint without prejudice and allow Colangelo to file an amended complaint in the event that he can demonstrate that he exhausted his FTCA claim.

4